INTERNATIONAL BANKING CORPORATION v. PAYNE.

(Circuit Court of Appeals, Second Circuit. May 8, 1911.)

No. 163.

1. TRIAL (§ 260*)—REVIEW—INSTRUCTIONS.
　　The refusal of a requested instruction is not reversible error, where it was substantially covered by the charge given.
　　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

2. FRAUD (§ 64*)—QUESTIONS FOR JURY.
　　Where plaintiff charged that defendant procured the delivery to him of foreign drafts, to be paid for later, by means of misrepresentation and without the ability or intention of paying for the same, it was competent for the jury to determine whether the grounds given by defendant for his asserted belief at the time that he could pay for the drafts were reasonable or not.
　　[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 64.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action at law by the International Banking Corporation against Henry C. Payne. Judgment for defendant, and plaintiff brings error. Affirmed.

W. C. Prime, for plaintiff in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. Plaintiff was engaged in the business of buying and selling foreign exchange. Defendant, who was a buyer of foreign exchange and had theretofore bought drafts from plaintiff, applied to it on October 22, 1907, for two drafts on London, amounting to upwards of $15,000. They were drawn and sold to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

him upon an agreement that he would on the same day give his check for them. The answer avers that it was further agreed that the check should not be presented for payment until the following day, but we find no testimony in the record to support such averment. It appears that there was a custom of the business whereby, for convenience, drafts would be actually delivered to a purchaser the day before that on which the steamer which was to carry them sailed; the purchaser to pay the day after delivery, but the transaction to be considered by both parties as a cash transaction. Some prior purchases of defendant had been made on this basis, but a few weeks before the one in suit plaintiff had insisted that thereafter he must pay on the same day the draft was delivered to him, and he did so pay in each case thereafter, except that for the two drafts sold on October 22, 1907, he has never paid anything.

The theory of the complaint is that, when defendant applied for the drafts, he did not have sufficient funds to pay for them and had no grounds to expect that he would come into possession of sufficient funds, and that he obtained the drafts from plaintiff with intent to negotiate them without payment for them and to defraud the plaintiff of the amount of the drafts. It is further averred that he made representations to plaintiff as to his business, on which it relied in selling and delivering the drafts, which representations were untrue, were known to defendant to be untrue, and were made by him with intent to deceive and defraud the plaintiff and to induce the sale of the drafts.

Considerable testimony was taken on the issues raised by the pleadings, the case took over a day to try, no request to direct a verdict was made by either side, it was sent to the jury, and a verdict was rendered in favor of defendant. With the weight of the testimony, or the propriety of the verdict, this court is in no way concerned. By not requesting a direction in its favor plaintiff conceded that there were disputed questions for the jury to pass upon. No error in the admission or exclusion of testimony is assigned. The court, in charging the jury, first read, and charged, certain requests which each side had submitted, and then further instructed the jury colloquially. No objection was taken and no exception reserved to any part of the charge. Thereafter, and before the jury retired, plaintiff's counsel asked the court to charge:

"Defendant is presumed to intend the natural consequences of his acts. The jury were not to decide whether defendant's grounds were reasonable or not."

[1] To a refusal to entertain and charge this request, plaintiff excepted. The first half of it is correct as a proposition of law; but it would not be error to refuse to charge it in the language of the request, if the subject-matter had been sufficiently covered in the charge. The jury had already been instructed that if, when defendant ordered and received the drafts, he had no present means of paying for them, no reasonable expectation of securing means to pay for them, and that he knew that he would not be able to pay for them, it is not enough for him to testify, generally, that he intended to pay for them. It is for the jury to find his intent. Also that if the jury should find as

facts that defendant made the representations charged, which he knew were untrue, in order to deceive plaintiff and induce it to sell him drafts, being utterly without means for paying plaintiff and intending to use the drafts without paying for them, the jury may from these facts, if found, infer fraud on defendant's part. They were also instructed that:

"The plaintiff cannot show, nor can any other person or persons show, to you the processes of defendant's mind nor the processes of anybody's mind in the same way that there can be shown the existence and the terms of these drafts or pieces of paper that have been submitted to you. *It is only by inference from what a man does that what he thinks can be determined.* * * * *From this testimony as to what was done, it is for you to decide on your oaths what was the intent of defendant in doing what he did.*"

This certainly seems a sufficiently full statement of the proposition that the jury were not to be concluded by defendant's statement of what he intended, but might presume what his intention was from a consideration of what he did. It is contended that the jury should have been instructed as requested, because the court elsewhere in the charge said:

"It is, I think, a fair question, on the testimony of the defendant himself, whether this was a loan."

This instruction was not excepted to and refers to another part of the case. Defendant did testify that he "considered it a loan." He may have had as little reason for this as he would have for considering the transaction to be the taking out of a policy of insurance; but the jury could not have been in any doubt that it was for them to determine what the real intention was from the proved facts, irrespective of defendant's protestations as to what he thought.

[2] The last half of the request, viz., that "the jury were not to decide whether defendant's grounds were reasonable or not" was not a correct statement of the law of the case; on the contrary, if the jury were satisfied that the grounds for defendant's asserted belief that he could pay for the bills when delivered were wholly unreasonable and without any rational foundation, they were warranted in finding a verdict for the plaintiff.

We find no error. The judgment is affirmed.